**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-20643-CIV-HUCK/SIMONTON**

**JOSEPH AND ANA ABOUJAOUDE,**

      **Plaintiffs,**

**v.**

**POINCIANA DEVELOPMENT**
**COMPANY II and ERIC REARDON,**

      **Defendants.**
_____/

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

      Presently pending before the Court is Plaintiffs' Motion To Compel, For An Extension of the Discovery Cut Off Date and For Sanctions (DE # 89).  This motion is referred to the undersigned Magistrate Judge (DE # 6).  The motion is fully briefed (DE ## 102, 105).  For the reasons stated below, the motion to compel is granted in part and the cross-requests for sanctions are denied.

      I.  **Background**

      Plaintiffs are proceeding under a six-count First Amended Complaint (DE # 41).[1] In the Amended Complaint, Plaintiffs contend that Defendant Poinciana is a subchapter S corporation which developed residential subdivisions on Miami-Dade County, and is now in bankruptcy.  Poinciana acted as its own general contractor in developing single family homes.  Plaintiffs contend that Defendant Reardon is a licensed general contractor and was the sole shareholder, officer, director and decision maker for Poinciana, and that Reardon is now or has been a shareholder, officer, director or registered agent of 69 different corporations doing business in Florida.

_____

      [1] The factual allegations here come from the First Amended Complaint (DE # 41).

On February 8, 2002, Plaintiffs came to an agreement with Defendant Poinciana to purchase a five-bedroom home in Miami-Dade County, pre-construction, for $194,990.00 (the Golden Gates property) (Ex. A to DE # 41).  Plaintiffs contend that Poinciana never delivered the Golden Gates property, contending that they could not perform under this agreement due to unforseen circumstances.

Plaintiffs contend that in November 2002, Defendant Reardon told Plaintiffs that although Poinciana could not deliver the Golden Gates property, Poinciana could quickly begin building on a different house (the Valencia property), because permits had been pulled on that property.  On November 5, 2002, Plaintiffs allege that Defendant Poinciana required Plaintiff Joseph Aboujaoude to sign a General Release of all claims for a payment of $7,700.00 (Ex. C to DE # 41).  Plaintiff Ana Aboujaoude did not sign this release.  Plaintiffs contend that Defendant Poinciana never paid them the $7,700.00.

On November 11, 2002, Plaintiffs came to an agreement to purchase the Valencia property (Ex. B to DE # 41).  Plaintiffs contend that Defendant Reardon knew or should have known that no permits had been pulled for the Valencia property.  Plaintiffs relied on Reardon's false representations.  Moreover, Reardon increased the price by $32,010.00 and the deposit by $1,600.00.

Plaintiffs contend that Defendant Poinciana had significant financial difficulties at all times relevant to the Complaint, that Poinciana's financial backer had separated himself from Poinciana on or about February 8, 2002, and that Defendants hid from their customers that Poinciana was in financial distress.  Plaintiffs also contend that Poinciana did not pay property taxes on the Valencia property from 2001 through 2005.

Plaintiffs allege that after they entered into the November 11, 2002 agreement, years went by without any signs of construction on the Valencia property, and that when

Plaintiffs inquired about when construction would begin, Defendant Reardon and his staff gave Plaintiffs a variety of excuses, including that there was a difficulty in permitting.  Plaintiffs contend that Defendant Poinciana pulled only two permits for the Valencia property during this period.  Nevertheless, on October 28, 2003, Poinciana told Plaintiffs that construction would begin in four weeks, even though no permits were in force at that time.  It was not until August 12, 2005 that Poinciana told Plaintiffs that the permits had expired.

In January 2007, Defendant Reardon contacted Plaintiffs and told them that because prices had gone up, the Valencia property could not be delivered unless Plaintiffs agreed to pay an additional $100,000.00, and that if this did not happen, Defendant Poinciana's private lender would foreclose on the property.  Reardon also told Plaintiffs that there only other recourse was to receive a refund of their deposit.  After the November 11, 2002 agreement expired, Defendant Reardon also demanded that Plaintiffs enter into an addendum that would delay construction until April 2007, which the parties executed on or about May 12, 2006 (Ex. D to DE # 41).

Plaintiffs allege that: Defendants by employing schemes to defraud, by obtaining money by untrue statements and operating a business which defrauded a purchaser, in violation of the Interstate Land Sales Full Disclosure Act (hereafter ILSFDA), 15 U.S.C. § 1703 (Count I); Defendant Poinciana breached the May 12, 2006 contract (Count II); Defendants violated the Florida Unfair and Deceptive Trade Practices Act (hereafter FUDTPA) (Count IV); and Defendants defrauded Plaintiffs by telling them that construction was ready to being on the Valencia property (Count V).  Plaintiffs also seek a declaratory judgment that the General Release is not enforceable against Plaintiffs (Count III) and ask for specific performance on the Valencia property from Defendant

Poinciana (Count VII).[2]

On May 4, 2007, Defendant Poinciana filed a suggestion of bankruptcy (DE # 12).

On September 6, 2007, Defendant Reardon filed an Answer and Affirmative Defenses to the First Amended Complaint (DE # 62).

This motion followed.[3]

II.  **The Motion To Compel**

Plaintiffs move to compel Defendant Reardon to provide accurate responses to interrogatories and requests to production concerning obtaining financial information about Defendant Poinciana and information about newly discovered witnesses. Plaintiffs contend that Reardon provided responses to requests for production on September 18, 2007, and answers to interrogatories on September 20, 2007.  Plaintiffs also request Fed.R.Civ.P. 37 sanctions against Defendant Reardon.

A.  **Interrogatory 2**[4]

Specifically, Plaintiffs ask this Court to compel an accurate response to Interrogatory 2, which asks Reardon to identify any person who was involved in the bookkeeping or accounting of Poinciana.  In response, Reardon provided the names of Janett Pascul, Company Controller, and Evan Brody, a hired accounting professional from Brody & Associates.

---

[2] While this Count is labeled Count VII, it is actually the sixth count.

[3] On October 17, 2007, the District Court granted the portion of the motion seeking an extension of the discovery cut-off date, stating that the undersigned should decide how much additional time was appropriate to complete any additional discovery that might be permitted (DE # 96).

[4] Plaintiffs have withdrawn the portion of their motion seeking to compel a better response to Interrogatory 1 (DE # 105 at 1).

Plaintiffs contend that this answer is incomplete and was deliberately designed to mislead them.  Plaintiffs state that during the deposition of Pascul, she testified that there were four other persons involved in the day to day accounting of Poinciana: Arody Padilla (accounts receivable); Ramon Tolmos (accounts payable), Yvette Rodriguez, a CPA and Maria (last name unknown), Poinciana's controller through 2003.  Plaintiffs contend that at Reardon's deposition, Reardon admitted that he was aware of these individuals and that they worked in accounting, but stated that he thought that Plaintiffs' interrogatory only sought those persons who were currently working involved in the bookkeeping or accounting of Poinciana.  Plaintiffs note that Pascul had already left Poinciana after it filed for bankruptcy.  Plaintiffs ask that the discovery period be extended so that they may depose the four newly disclosed witnesses, and that Reardon be ordered to provide full names and contact information for the four witnesses.

Reardon does not object to extending the discovery period to depose the four witnesses.  Reardon also asserts that he has provided all the contact information about them which he possesses (DE # 102 at 3).

In reply, Plaintiffs state that Reardon has provided contact information for Padilla and Tolmos, but that Reardon continues to allege that he cannot provide contact information for Rodriguez and either contact information or a last name for Maria, Poinciana's controller through 2003.  Plaintiffs assert that it is unbelievable that Reardon cannot provide either Maria's last name or the last known addresses for Maria and Rodriguez (DE # 105 at 2).

Plaintiffs' motion to compel a better response to Interrogatory 2 is granted.  On or before November 13, 2007, Defendant Reardon must supply any further identifying or contact information in his possession, custody or control, concerning Yvette Rodriguez

and Maria (last name unknown).  Furthermore, the discovery period is extended until November 30, 2007 so that Plaintiffs may take the depositions of these new witnesses.

      B.  <u>Request For Production 2</u>

Plaintiffs also ask this Court to compel Defendant Reardon to produce any documents in his possession, custody or control which describe Poinciana's financial condition during 2002.  In response to request for production 2, seeking these documents, Reardon stated that these documents were in the possession of Poinciana.

Plaintiffs submit that at her deposition, Pascul stated that: Poinciana's bank records and canceled checks from 2002 were maintained in a storage facility; she does not know where the storage facility is located; she does not know who has a key to the storage facility; the accounting software is set to destroy data that is more than two years old, and there are backups, but she did not know where they are located.  Plaintiffs assert that Reardon testified at his deposition that he also does not know where the storage facility is located and that he does not have a key to the storage facility, but that Pascul should have a key.

Plaintiffs also submit that 1) Poinciana filed for bankruptcy on or about May 1, 2007; 2) Reardon was the sole owner of the stock of Poinciana until August 13, 2007, a date after he received Plaintiffs' discovery requests; 3) even after Reardon transferred his stock, he continued to run another company, ERT Management, on the same computers which he had used to run Poinciana; 4) during this period, Poinciana's hard copy records remained in the same storage facility they had always been in; and 5)  in early October, 2007, Pascul turned Poinciana's records over to bankruptcy counsel.

Plaintiffs ask that Reardon be required to perform a diligent search to provide records responsive to request 2, including any back ups, and that Plaintiffs be allowed to

reopen Reardon's deposition to question him about these documents.

Reardon asserts that Poinciana's records can only be obtained from Poinciana and that Plaintiffs should have tried to obtained them from Poinciana (DE # 102 at 2, 3).

Plaintiffs reply that Reardon and his staff have physical possession of Defendant Poinciana's records and that they have not turned these records over to: 1) Plaintiffs; 2) the new owners of Defendant Poinciana, or 3) bankruptcy counsel (DE # 105 at 2-3).

The motion to compel a better response to request 2 is granted in part.  While Plaintiffs perhaps could have obtained these documents in the bankruptcy case against Poinciana, it appears that Reardon also had possession, custody or control of the requested documents during the period of time in question.  The undersigned finds that Reardon's response to the motion to compel is disingenuous, in that Reardon does not controvert Plaintiffs' assertions that: 1) Reardon was in control of these documents at least until August 13, 2007, at which time he already had received Plaintiffs' discovery requests; 2) even after August 13, 2007, Reardon continued to run another company on the same computers which he had used to run Poinciana, which would give Reardon access to Poinciana's records; 3) during this period, Poinciana's hard copy records remained in the same storage facility they had always been in; and 4) Pascul did not turn over Poinciana's records to bankruptcy counsel until the week of October 1, 2007.  The undersigned specifically does not credit Reardon's assertions that he does not know the location of the storage facility where Poinciana's records were kept and that he does not have a key to that storage facility.  Thus, the undersigned finds that Reardon appeared to have the ability to provide Poinciana's records to Plaintiffs until at least the week of October 1, 2007.  Therefore, on or before November 13, 2007, Defendant Reardon must either provide Plaintiffs with documents responsive to this request, or he must file an

affidavit specifying, in detail, what efforts he has made to obtain responsive documents.

   C. <u>Plaintiffs' Request For Sanctions</u>

   Plaintiffs request Rule 37 sanctions for the attorney's fees associated with making the motion and for any fees incurred in redeposing Reardon.  Reardon opposes the request for sanctions and asks for sanctions against Plaintiffs based on the alleged frivolous nature of the motion (DE # 102 at 4).  The parties' requests for sanctions are denied as unjustified under the circumstances of this case.[5]

   Therefore, based upon a review of the record, it is hereby

   **ORDERED AND ADJUDGED** that Plaintiffs' Motion To Compel, For An Extension of the Discovery Cut Off Date (DE # 89) is **GRANTED in part**.  The discovery period is extended until November 30, 2007 to permit Plaintiff to take the depositions of the four witnesses identified above, as well as to continue the deposition of Reardon with respect to any newly produced documents, and/or the location of the requested documents and his efforts to obtain them.  Furthermore, on or before November 13, 2007, Defendant Reardon must supply any contact or identifying information in his possession, custody or control, concerning Yvette Rodriguez and one Maria (last name unknown), who was the controller for Defendant Poinciana through 2003.  Also, on or before November 13, 2007, Defendant Reardon must either provide Plaintiffs with documents responsive to Request for Production 2, or he must file an affidavit specifying in detail what efforts he made to obtain these documents.  It is further

---

   [5] Defendant Reardon's request that the motion be denied for failure to comply with the local rule requiring consultation of counsel is denied.  Plaintiffs have clearly made a sufficient attempt to resolve these issues with Defendant Reardon.

**ORDERED AND ADJUDGED** that Plaintiffs' Motion For Sanctions (DE # 89) is

**DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida, on November 7, 2007.


_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Paul C. Huck**
**   United States District Judge**
**All counsel of record**